### WEGLEY, ETC., Plaintiff-Appellant, v. SNYDER, ET, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 1905.   Decided December 3, 1946.

John F. Edwards, Dayton, for Plaintiff-Appellant.

Hugh S. Jenkins, Attorney General, Columbus, for The Industrial Commission.

Harshman & Young, Dayton, for M. G. Snyder, Defendant-Appellee.

## OPINION

By THE COURT:—

Submitted on motion of Defendant-Appellee, M. G. Snyder, for an order dismissing the appeal and affirming the judgment of the trial court, for the reason that no Bill of Exceptions has been filed in the trial court within the statutory period of forty days after the overruling of the motion for new trial.

It is contended by Defendant-Appellee that none of the errors assigned can be determined from the transcript of the docket and journal entries which is on file, and that without a Bill of Exceptions being filed as required by law this Court is powerless to consider any of the errors assigned.

It is conceded that the Bill of Exceptions has not been filed in the trial court and consequently has not been filed in this court, as required by Rule VII.

All of the errors assigned relate to factual matters which cannot be considered in the absence of the Bill of Exceptions. It is contended, however, by the Plaintiff-Appellant that a part of the judgment entry filed in the trial court reads as follows:

"The Plaintiff having elected to proceed against Defendant, M. C. Snyder, Defendant the Industrial Commission of Ohio, be and the same is hereby dismissed as a defendant herein, at Plaintiff's costs."

The Plaintiff-Appellant having noted exceptions to this judgment entry, it is now contended that a Bill of Exceptions is not essential to exemplify the error complained of.

It appears from the record in this case that the Plaintiff, the widow of Vernon Wegley, deceased, alleged that the decedent met an accidental death while in the employment of M. G. Snyder; that Snyder operated both a sand and gravel business and a filling station business; that he had complied with the Workmen's Compensation Laws with reference to the sand and gravel business, he had not done so as to the filling station business, where the decedent was employed and met with a fatal accident. The Defendant, Snyder, denied that he owned and operated the filing station business; denied that the decedent was in his employ; admitting that he did own the sand and gravel business, complied with the Workmen's Compensation Laws with respect to that business; but alleged that the decedent was not in his employ at any time in the sand and gravel business.

The trial court before trial sustained a motion by the Defendant to require the Plaintiff to elect as between these two Defendants, M. G. Snyder and the Industrial Commission. That matter was reviewed by this Court which reversed the trial court.

In the opinion, the Court state:

"She (Plaintiff) would not be obliged at this time, before the trial of the case, to make an election. That is a matter

that may be easily determined after the trial has been had and evidence introduced on her behalf."

Subsequent to this ruling in the reviewing court, trial did take place in the Common Pleas Court. From all that appears in the record, factual issues developed with respect to the contention made by respective parties as to the employment of the decedent and the ownership of the business by Snyder, and whether the accident which caused the decedent's death happened while the decedent was an employee of Snyder in a business in which he had complied or not complied with the Workmen's Compensation Laws. In order to determine whether the trial court ruled properly in requiring the Plaintiff to elect and in dismissing the Industrial Commission of Ohio, the evidence adduced at the trial should be before the reviewing Court. This Court holds that in the absence of the Bill of Exceptions presenting the evidence on the issues involved, this Court cannot consider any of the errors assigned.

Filing a Bill of Exceptions within forty days after the motion for new trial is overruled as provided in §11564 GC is mandatory; and if the errors assigned are such as can be disclosed only by a Bill of Exceptions, the reviewing Court has no alternative but to affirm the judgment. **Tenesy v City of Cleveland, 133 Oh St 251.**

The motion of Defendant-Appellee, M. G. Snyder, to dismiss the appeal and affirm the judgment of the trial court will be sustained.

HORNBECK, PJ, MILLER and WISEMAN, JJ, concur.